UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILL RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 5148 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE | ) | |
| COMPANY, ELSA THEILE FUCHS, MARY | ) | |
| BETH WHEELER, RONALD F. BARTKOWICZ, | ) | |
| and BARBARA J. BEILFUSS, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>Memorandum Opinion and Order</u>

Bill Randle brought this *pro se* suit against First American Title Insurance Company

("FATIC"), Elsa Fuchs, Mary Beth Wheeler, Judge Ronald Bartkowicz, Barbara Beilfuss, and

Cook County, alleging violations of 42 U.S.C. §§ 1983 and 1985 and Illinois law.  Doc. 1.  The

court dismissed the claims against Cook County, Doc. 5, and Beilfuss filed a motion to dismiss

the claims against her, Doc. 17, which the court granted, Doc. 37.  Randle filed an amended

complaint, Doc. 56, which FATIC, Wheeler, Judge Bartkowicz, and Beilfuss have moved to

dismiss, Docs. 59, 61, 66.  (Fuchs was recently served, Doc. 86, and has not yet filed a

responsive pleading, but her co-defendants' arguments apply with equal force to her.)  The

motions to dismiss are granted as to Randle's federal claims, and the court exercises its

discretion under 28 U.S.C. § 1367(c)(3) to relinquish jurisdiction over his state law claims.  That

said, the court gives Randle one final opportunity to amend his claims.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative

complaint's well-pleaded factual allegations, though not its legal conclusions.  *See Zahn v. N.*

*Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Randle's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Randle as those materials allow. *See Pierce v. Zoetis*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Randle alleges that certain of the defendants filed claims in state court charging that he and others conspired to steal Beilfuss's property. Doc. 56 at ¶ 14. Randle further alleges that Wheeler (FATIC's attorney) made false statements in state court pleadings and testimony, and that Wheeler and Fuchs conspired to give misleading information to Judge Bartkowicz. *Id*. at ¶¶ 17, 25. Randle adds that Wheeler, Fuchs, Beilfuss, and Judge Bartkowicz conspired to deny him his civil rights throughout the state court proceedings. *Id*. at ¶ 33. They allegedly did so during at least one "private meeting," although Randle does not specify who was in the meeting or what was said. *Id*. at ¶ 38.

The alleged conspiracy did not bear fruit; as Randle acknowledged at the hearing on this motion, he *prevailed* in state court. When asked how, given his victory, the conspiracy injured him, Randle answered: "Well, first of all, every time I went to court over many years, I suffered tremendously, had a heart attack. And I believe it was all generated by this phony action. So I suffered tremendously."

Counts I-II of the operative complaint allege that Judge Bartkowicz, FATIC, Fuchs, and Wheeler violated § 1983. *Id*. at ¶¶ 20-30. Counts III-VI allege that FATIC, Fuchs, Wheeler, Beilfuss, and Judge Bartkowicz conspired to deprive Randle of his civil rights in violation of §§ 1983 and 1985. *Id*. at ¶¶ 31-55. Counts VII-IX raise Illinois state law claims against the private defendants, *i.e.*, all defendants other than Judge Bartkowicz. *Id*. at ¶¶ 56-76.

## Discussion

## I. Claims against Judge Bartkowicz

Judge Bartkowicz contends that judicial immunity protects him from Randle's federal claims. Doc. 62 at 7. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice … ." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). Judicial immunity does not apply where the alleged misconduct consists of actions that are "nonjudicial, … *i.e.*, actions not taken in the judge's judicial capacity." *Ibid.*; *see also Johnson v. Hansher*, 607 F. App'x 581, 583 (7th Cir. 2015). Nor is there judicial immunity "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *see also Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004).

The claims against Bartkowicz complain of actions (discussing the state court case, admitting or excluding evidence, and ruling on motions) that are judicial in nature. Randle does not suggest that the judge lacked jurisdiction, and any such allegation would be frivolous. Judge Bartkowicz is thus protected from suit by judicial immunity, and the claims against him are dismissed.

## II.     Non-Conspiracy Section 1983 Claims Against the Private Defendants

In moving to dismiss the non-conspiracy § 1983 claims against them, FATIC and Wheeler—who died earlier this year, Doc. 77—argue that Randle fails to allege facts that, if true, would show them to be state actors or otherwise acting under the color of law. They are correct, and the same holds for Fuchs.

"[A] claim under § 1983 is tenable only if the defendants acted under color of state law— in other words, if they are state actors." *Gayman v. Principal Financial Servs., Inc.*, 311 F.3d 851, 852 (7th Cir. 2002). FATIC (a private title insurance company), Wheeler (one of its attorneys), and Fuchs (senior claims counsel to FATIC) are not agents of the State. Randle alleges in a conclusory manner that those defendants acted "under color of state law," Doc. 56 at ¶ 23, but no facts alleged in the complaint or his brief support that conclusion. The only allegation connecting them to the State is the charge that they met with Judge Bartkowicz in an attempt to direct the state court suit in their favor. That does not make the private defendants state actors or indicate that they were acting "under color of law," a term defined as "exercis[ing] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted). Because Randle fails to plausibly allege that FATIC, Wheeler, and Fuchs either are state actors or otherwise acted under color of state law, the § 1983 claims against them in Counts I and II are dismissed.

## III.     Federal Conspiracy Claims Against the Private Defendants

Although the non-conspiracy § 1983 claims against the private defendants are not viable, it is possible for non-state actors to conspire with state actors in violation of § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Scott v. City of Chicago*, 619 F. App'x 548, 548

(7th Cir. 2015) ("A conspiracy between private parties and state actors authorizes suit against the private parties in federal court."). Randle has failed to plausibly allege a conspiracy, however.

As the Supreme Court held in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a complaint states a viable claim if it is "plausible on its face." *Id*. at 678. The facial plausibility requirement is met "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged. The plausibility standard … asks for more than a sheer possibility that a defendant acted unlawfully." *Ibid*. (emphasis added and citation omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679; *see also W. Bend. Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) ("We have interpreted the standard announced by the Supreme Court as requiring that the plaintiff give enough details about the subject-matter of the case to present a story that holds together.") (internal quotation marks and ellipsis omitted); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 785-86 (7th Cir. 2014) (affirming a dismissal where "commonsense intuition" belied the plaintiff's claim). Although conspiracy allegations are not subject to Rule 9(b), *see Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006), a "bare allegation of conspiracy," where "[t]he form and scope of the conspiracy are … almost entirely unknown," does not suffice. *Ryan v. Mary Immaculate Queen Cent.*, 188 F.3d 857, 860 (7th Cir. 1999).

Under this standard, Randle's conspiracy claims cannot proceed. His conspiracy allegations are threadbare, consisting only of the charge that Wheeler, Fuchs, Beilfuss, and Judge Bartkowicz had various "meetings" during which they made "express agreements" and entered into "meetings of the minds" to deprive Randle of his civil rights. Those allegations merely recite the legal elements of a conspiracy. True, the occurrence of a meeting is a factual

allegation, not a legal conclusion, but the court is confined to the reasonable inferences that can be drawn from that allegation; it is not permitted to indulge in wild speculation. Here, the facts alleged by Randle fatally undermine the inference that Judge Bartkowicz was involved in any conspiracy to deprive Randle of his civil rights, and this defeats the § 1983 conspiracy claims because they depend on the judge's presence, as he is the only state official alleged to be part of the conspiracy. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1016 (7th Cir. 2000) ("To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that … *a state official* and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights.") (emphasis added).

The complaint alleges that Wheeler and Fuchs conspired "to give false information and misleading information to [J]udge Bartkowicz that would persuade the court not to be fair and impartial to plaintiff … ." Doc. 56 at ¶ 25. But if Judge Bartkowicz were a member of a conspiracy, why would he need to be subject to false and misleading information in order to make rulings unfavorable to Randle? Randle implausibly alleges that the private defendants were conspiring to *deceive* the judge into ruling against Randle, while simultaneously conspiring *with* the judge to do the same. And the only factual allegation supporting this odd state of affairs is the fact that at some unspecified time, Judge Bartkowicz had conversations with the private defendants. There is no allegation even remotely suggesting what those conversations entailed, thus failing to give any notice of the "form and scope" of the alleged conspiracy.

Randle faces another barrier to meeting the plausibility standard: he won the state court case! His original complaint alleged that "after six to seven years [of] court action, the court entered a judgment in favo[r] of Bill Randle." Doc. 6 at ¶ 70. At the hearing on the present motions, the court asked for clarification, and all parties agreed that Randle prevailed in state

court. Randle's conspiracy claims thus ask the court to find reasonable the inference that: (1) Judge Bartkowicz conspired with the private defendants against Randle while also being deceived by them; and (2) Randle proceeded to win the case. As noted, *Iqbal* teaches that the court should rely on "common sense" at the pleading stage, 556 U.S. at 679, and common sense dictates that if Judge Bartkowicz had conspired against Randle with the private defendants while presiding over his state court case, Randle would have lost.

Randle's § 1985 claims are likewise meritless. Because Randle has not adequately alleged that the judge was part of the conspiracy, the conspiracy is a purely private one. Although § 1985 extends to purely private conspiracies, *see Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971), it does so only when the conspiracy implicates the Thirteenth Amendment right to be free from involuntary servitude or the right to interstate travel. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993); *Brokaw*, 235 F.3d at 1024 n.20. Randle has not alleged facts suggesting that the conspiracy against him was directed to either of those rights.

Based upon the threadbare and conclusory nature of Randle's conspiracy claims, the fact that his allegations do not hold together when viewed through the lens of common sense, and the fact that he has not alleged violations of either of the two rights actionable as against private § 1985 conspiracies, Randle has failed to state viable conspiracy claims.

## IV.    State Law Claims

Counts VII through IX allege state law claims against the private defendants. The parties to this case are not diverse under 28 U.S.C. § 1332(a), so the only basis for jurisdiction over the state law claims is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(c)(3), however, provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it

has original jurisdiction … ." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) ("[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims."). This general rule has three exceptions: "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

None of the exceptions apply here. First, if this court relinquishes supplemental jurisdiction over the state law claims, Illinois law would give Randle one year to refile those claims in state court if their limitations period(s) expired while the case was pending here. *See Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same); *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636-37 (Ill. 1997) (same). Second, as this case is still at the pleading stage, substantial federal judicial resources have not yet been committed to the state law claims. *See Davis*, 534 F.3d at 654 ("[T]he district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case."). And, third, it is not readily apparent how the state law claims will be resolved. Given all this, relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3). *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82; *Wright v.*

*Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994). Randle may re-file those claims in state court, or may include them in a second amended complaint in this court.

### Conclusion

For the foregoing reasons, Defendants' motions to dismiss are granted. Although the motions are directed to the amended complaint, this marks the first time the court has dismissed Randle's pleading in its entirety. Accordingly, the dismissal is without prejudice, and the court will give Randle one more chance to amend his complaint. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). If Randle does not file a second amended complaint by May 8, 2017, the dismissal of the federal claims will convert automatically to a dismissal with prejudice, and judgment will be entered.

April 17, 2017

_____
United States District Judge